IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK M. TORRENCE,** )<br>Plaintiff, )<br>)<br>v. )<br>)<br>**RAYMOND SOBINA, et al,** )<br>Defendants. ) | Civil Action No. 10-217 Erie<br><br><br><br>Magistrate Judge Susan Paradise Baxter |

**MEMORANDUM OPINION**

Magistrate Judge Susan Paradise Baxter[1]

### A.  Relevant Procedural History

Plaintiff, a state inmate acting *pro se*, initiated this civil rights action in the United States District Court for the Eastern District of Pennsylvania on June 14, 2010.  That court transferred this action to this Court by Order dated September 1, 2010.

Plaintiff originally named five Defendants to this action, including Raymond Sobina[2], former Superintendent; the Pennsylvania Board of Probation and Parole ("Parole Board"); Shelly Lee Thompson, former Records Supervisor at SCI-Forest; Carrie Everett, Parole Supervisor at SCI-Forest; and Deb Woodard, Mailroom Supervisor at SCI-Forest. ECF No. 4.  Plaintiff alleges that Defendant Parole Board conspired to unlawfully extend his maximum sentence, and that Defendants Thompson, Everett, and Woodard falsified official state documents, stole Plaintiff's legal mail, intentionally committed perjury, and violated his right to access the courts.

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.  ECF Nos. 36, 37.

[2]  Raymond Sobina is no longer a party to this litigation as Plaintiff voluntarily withdrew the claims against him.  See ECF No. 24.

1

In response to the Complaint, Defendants initially filed a motion to dismiss, or in the alternative, a motion for summary judgment. ECF No. 15. Later, Defendants filed a motion to dismiss only. Defendants note that this second motion to dismiss was filed solely for the purposes of avoiding the necessity of converting the previous motion into one for summary judgment. ECF No. 26, page 2. Thereafter, Plaintiff filed a "motion for judgment as a matter of law," which this Court will liberally construe as a motion for summary judgment. ECF No. 32.

The pending motions are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard);

Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of

specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit subsequently expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

Plaintiff has attached several exhibits to his pleadings.  However, the use of these exhibits by this Court does not convert Defendants' motion to dismiss for failure to state a claim into a motion for summary judgment.  <u>Pryor v. National Collegiate Athletic Association</u>, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

### 3) Motion for Summary Judgment

Plaintiff has filed what he styles as a "motion for judgment as a matter of law," which this Court liberally construes as a motion for summary judgment.

According to the Federal Rules of Civil Procedure, summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986); <u>Andreoli v. Gates</u>, 482 F.3d 641, 647 (3d Cir. 2007); <u>UPMC Health System v. Metropolitan Life Ins. Co.</u>, 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. <u>Celotex</u>, 477 U.S. at 322.  <u>See</u> <u>also</u> <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 232 (3d Cir. 2001).

The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at *1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

    C.    **Eleventh Amendment immunity**

Defendants argue that the Board of Probation and Parole should be dismissed as it is immune under the Eleventh Amendment. The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if: (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)). Neither of these is evidenced here.

6

Accordingly, the motion to dismiss should be granted in this regard and the Board of Probation and Parole should be dismissed from this action.

**D. Preclusion**

  **1) Legal Standard**

Next, Defendants argue that the instant action should be dismissed as it is precluded by Plaintiff's previous filings in this and other federal courts.

The doctrine of claim preclusion (traditionally known as *res judicata*) precludes "a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Attorney Gen. of the United States, 621 F.3d 340, 346 (3d Cir. 2010) citing In re Mullarkey, 536 F.3d 215, 255 (3d Cir. 2008).[3] *Res judicata* "promotes judicial economy and protects defendants from having to defend multiple identical or nearly identical lawsuits by 'bar[ring] not only claims that were brought in a previous action, but also claims that could have been brought.'" Morgan v. Covington Township, 648 F.3d 172, 177 (3d Cir. 2011) quoting In re Mullarkey, 536 F.3d at 225.  The doctrine "provides that a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitute an absolute bar to a subsequent action involving the same cause of action." Salley v. Rendell, 2008 WL 1752246, at * 5 (W.D. Pa.) citing In re Wisbroad & Hess Corp., 129 F.2d 114 (3d Cir. 1942).

---

[3] "*Res judicata* is not a jurisdictional bar, but rather is an affirmative defense that prohibits litigation between the same parties on a cause of action that was previously adjudicated on its merits." Briar Meadows Dev., Inc. v. South Centre Twp. Bd. of Supervisors, 2010 WL 4024775, at * 6 (M.D. Pa. Oct. 13, 2010).  See also Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 170 (3d Cir. Aug.5, 2010) ("Importantly, preclusion is not jurisdictional.").

7

Under federal common law[4], in order for the doctrine of claim preclusion to prevent relitigation of the subsequent claim, there must be "1) a final judgment on the merits in a prior suit involving 2) the same parties or their privies and 3) a subsequent suit based on the same cause of action." Morgan, 648 F.3d at 177, quoting In re Mullarkey, 536 F.3d at 225.

So then, this Court must compare the instant action with Plaintiff's previous filings.[5]

### 2) Review of Plaintiff's filings

In his present complaint, Plaintiff alleges:

> The Parole Board in clear violation of the law extended by legal court ordered maximum sentence. And refused to correct this violation when requested. [sic] The additional Defendants falsified official state documents, stole my legal mail out of the U.S. Mail box and initially committed perjury to cover their crimes of retaliation and criminal collusion.
>
> The Parole Board illegally tampered with my sentence. Shelly Lee Thompson refused to set up a tracker file. Carrie Everett falsified official state records. Deb Woodard stole my legal mail out of the U.S. Mail box and forged the signature of the Clerk of Courts.
>
> See record from Civil Action Number 07-331Erie.

---

[4] When courts are called upon to give preclusive effect to prior federal court judgments, the governing law in such cases is the federal common law of claim preclusion. See Salley, 2008 WL 1752246, at *5 n.9, citing Ross v. Board of Educ. Of Tp. High School Dist. 211, 486 F.3d 279, 283 (7th Cir. 2007).

[5] Such a comparison does not require the conversion of a motion to dismiss into a motion for summary judgment. See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426-27, n7 (3d Cir. 1999) ("Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion – not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); Patetta v. Wells Fargo Bank, NA, 2010 WL 1931256, at * 5 (D.N.J. May 13, 2010) ("In deciding motions to dismiss based on procedural grounds, a district court may grant such a motion 'if the predicate establishing the [preclusion] defense is apparent from the face of the complaint.' […] The only other documents that a court may consider are those referenced in the complaint, or the judicial opinion of another court for the existence of that opinion, though not for the truth of the matter asserted.") (internal citation omitted).

8

> The staff witness listed in the above case has personal knowledge of constitutional violations of my protected federal rights.
>
> The above actions caused the Plaintiff to be held in illegal custody and when I contested their illegal actions they colluded to retaliate. Stole my legal mail out of the U.S. Mail box, confiscated my legal materials imposed fines on me for court orders never owed, told me my legal mail must come to them up in Inmate Accounts un-sealed or they would not mail it out. See: record from Civil Action # 07-331Erie.

ECF No. 4.

In December of 2007, Frederick Torrence brought a civil rights action against Defendants Shelly Lee Thompson, Carrie Everett, and Deb Woodard, as well as several others. <u>Torrence v. Thompson</u>, Civil Action Number 07-331Erie. Plaintiff alleged that Defendant Thompson conspired with co-Defendants Beard and Sobina in various ways to extend his maximum sentence and that Defendants Everett and Woodard, along with other co-Defendants, violated Plaintiff's right to access the courts. By Report and Recommendation issued October 6, 2008, this Court recommended the dismissal of the case based upon Plaintiff's failure to exhaust his administrative remedies in accordance with the requirements of the PLRA. <u>Id</u>. at ECF No. 73. Thereafter, District Judge Cohill adopted the Report and Recommendation as the Opinion of the Court. <u>Id</u>. at ECF No. 81. Plaintiff filed a Notice of Appeal to the Third Circuit and, by Mandate issued August 3, 2009, the appeal was dismissed as lacking any "arguable legal basis" under 28 U.S.C. § 1915(e)(2)(B). <u>Id</u>. at ECF No. 86.

On March 22, 2010, Frederick Torrence filed a second civil rights action against Defendants Shelley Lee Thompson, Carrie Everett, and Deb Woodard, as well as others. <u>Torrence v. Thompson</u>, Civil Action Number 10-67Erie. Plaintiff alleged Thompson conspired with co-Defendants Beard and Sobina in various ways to extend his maximum sentence, and that Everett and Woodard, along with others violated his right to access the courts (by falsifying

9

documents and stealing his mail).  By Report and Recommendation issued August 2, 2010, this Court recommended the dismissal of the case based upon Plaintiff's failure to exhaust his administrative remedies in accordance with the requirements of the PLRA.  Id. at ECF No. 34.  By Order dated October 7, 2010, District Judge Cohill adopted the Report and Recommendation as the Opinion of the Court.  Id. at ECF No. 36.  Plaintiff appealed to the Third Circuit and the appeal was dismissed as frivolous by Mandate issued June 27, 2011.  Id. at ECF No. 44.  As the Third Circuit noted, the complaint filed at 10-67E "rais[es] essentially the same claims" as the complaint filed at 07-331E.  Id. at ECF No. 44-2, page 2.[6]

Here, a comparison of the instant action with the previous filings reveals that the instant action is precluded under the three-part test.  The present suit is based on the same cause of action as the two previous civil rights actions, involves the same parties (Thompson, Everett, and Woodard) and there was a previous final judgment.  Accordingly, this action is precluded and Defendants' motion to dismiss will be granted.

An appropriate Order follows.

---

[6] Additionally, in the United States District Court for the Eastern District of Pennsylvania, Frederick Torrence filed a petition for writ of habeas corpus based on claims that: (1) the Pennsylvania Department of Corrections illegally extended Plaintiff's maximum sentence date; and (2) the Parole Board illegally failed to give Plaintiff notice of his right to appeal the denial of parole.  Torrence v. Dep't of Corrections, E.D. Pa. Civ. No. 07-cv-3620.  See also ECF No. 10-1, p.18.  Torrence was unsuccessful in his bid for habeas relief.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK M. TORRENCE,** ) | |
| Plaintiff, ) | Civil Action No. 10-217 Erie |
| ) | |
| v. ) | |
| ) | |
| **PENNSYLVANIA BOARD OF** ) | |
| **PROBATION AND PAROLE, et al,** ) | Magistrate Judge Susan Paradise Baxter |
| **Defendants.** ) | |

**O R D E R**

AND NOW, this 26th day of September, 2011;

IT IS HEREBY ORDERED that the motion to dismiss or for summary judgment filed by Defendants [ECF No. 15] is DISMISSED AS MOOT in light of the filing of the subsequent motion to dismiss.

IT IS FURTHER ORDERED that the motion to dismiss filed by Defendants [ECF No. 25] is GRANTED.

IT IS FURTHER ORDERED that the "motion for judgment as a matter of law" filed by Plaintiff [ECF No. 32] is DISMISSED as this case is precluded.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge